# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 15-10011-STA |
| | ) | |
| BRYAN BAILEY, | ) | |
| CALVIN BAILEY, | ) | |
| SANDRA BAILEY, | ) | |
| CINDY MALLARD, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER DENYING THE GOVERNMENT'S MOTION FOR LEAVE TO PRESENT A MID-TRIAL SUMMARY

Before the Court is the United States's Motion for Leave to Present a Mid-Trial Summary. The government raised its request orally during a status conference on January 8, 2018. By way of background, a jury was impaneled and the trial of this matter commenced on October 31, 2017. Before the government had completed its case-in-chief, the Court found cause to continue the trial and adjourned on November 14, 2017. At the January 8 status conference, the Court in consultation with the parties decided to resume trial on February 12, 2018. Based on the extended break in the proof, the United States requested leave to present a mid-trial summary of the testimony offered at trial up to the time of the adjournment. The government proposed to offer a non-argumentative recapitulation of the facts to which each trial witness had testified. The United States argued that a summary of the proof would refresh the jury's recollection and aid the jury in understanding the government's case as the trial moved forward. The government believed that a summary was warranted because of the passage of time between

November 3, 2017, the last day on which proof was introduced, and February 12, 2018, the day the trial will resume. For support the United States cited the Seventh Circuit's decision in *United States v. McGee*, 612 F.3d 627 (7th Cir. 2010). The Court heard brief arguments from all parties at the status conference but ultimately directed each Defendant to file a written response to the motion.

Each Defendant has now filed a response opposing the United States' oral motion. In his response (ECF No. 262), Defendant Calvin Bailey argues that the presentation of even a non-argumentative summary will result in a structural error in the proceedings. Defendant believes that a mid-trial summary will compel the defense to respond somehow to the government's recitation of the evidence before the government has presented its full case. Otherwise, there is a risk the jury will be left with the impression that the defense has no answer to the government's case-in-chief. As the accused Defendant has the right to hear all of the government's proof before deciding how to respond to it, or whether to present a defense at all. Such a procedure then will improperly shift the burden to the defense. A mid-trial summary prepared and presented by the government may also conflict with the jury's own memory and recollection of the proof. And based on the government's estimate that it will complete its case within days of resuming trial, the summary unnecessarily duplicates closing arguments. For all of these reasons Defendant Calvin Bailey opposes the government's request.

Defendant Bryan Bailey likewise has responded in opposition to the United States' proposal for a mid-trial summary (ECF No. 263). Defendant points out that the Court has provided each member of the jury with a notebook to record his or her own notes about the proof. At the very least then, the Court should question each member of the jury about his or her individual recollection of the evidence and decide as a threshold question whether the jury even

needs a summary of the testimony before proceeding. Defendant Bryan Bailey agrees that the proper time for a summary is during closing arguments. Defendant Sandra Bailey has argued separately (ECF No. 264) that the Tennessee Rules of Criminal Procedure allow for comment from attorneys in the course of trial to explain the significance or purpose of certain testimony in the broader context of a trial. However, there is no comparable procedure under the Federal Rules of Criminal Procedure. Defendant argues that the use of a summary will likely bolster the government's case and unfairly prejudice the defense.

Based on the points and authorities raised by Defendants in their separate submissions, the Court denies the government's request for a mid-trial summary. The Court finds that a summary has the potential to cause more problems than it will cure. A mid-trial summary of the proof, even one without comment or argument, would necessarily be selective. The government introduced testimony from eight witnesses during the first phase of the trial and had 61 exhibits admitted into evidence. The United States has not shown how it can succinctly summarize all of this proof and in a way that does not improperly focus the jury's attention on particular testimony or exhibits. As the Court has already instructed the jury (and will instruct the jury again at the close of the case), the jury and the jury alone is the judge of the facts. Each member of the jury has an obligation to rely only on his or her own memory of the evidence, disregarding even the written notes of another juror. And the Court has and will again instruct the jury that statements of counsel are not proof. The Court has concerns then that a summary of the proof from the government, by its very nature selective and incomplete, would perhaps invade the province of the jury.

Furthermore, the mid-trial summary procedure raises a number of due process concerns and could result in unfair prejudice to any and all of the Defendants. Permitting the United

States to recap its case-in-chief up to this point in the trial arguably places each Defendant in the untenable position of either responding to the summary with a summary of his or her own, or silently acquiescing to the government's characterization of the evidence. The Court believes that the best course is to confine summations to closing argument. The government also indicates that it intends to call additional witnesses and will take perhaps another week to complete its case-in-chief. The United States, as the proponent of the evidence introduced during the first phase of the trial and as the party with the burden of proof, will have the opportunity to present the jury with a full summation at closing and articulate its theory of the case against each Defendant once all of the proof has come in. Therefore, even under the somewhat unusual circumstances of the case, the Court finds that adhering to normal trial practice and procedure is the best guarantee of a fair trial.

Finally, it remains to be seen whether a summary would actually assist the members of the jury. While it is true that some three months have passed since the adjournment, it is not uncommon for trials in federal court to span at least that long and even to be punctuated with periodic recesses and adjournments.[1] Jurors typically take notes during the presentation of the proof, especially where as here the Court advises them at the outset of the expected length of the trial. Each juror in this case was provided with a notebook in which to record notes as they

---

[1] The Court is aware of authority that supports the use of summaries of a very discrete nature during extended trials. The United States relies primarily on the Seventh Circuit's decision in *McGee*. The Court finds *McGee* instructive but ultimately distinguishable on its facts. The district court in that case allowed a summary of the evidence after a weekend recess in a two-week trial. *McGee*, 612 F.3d at 632-33 ("In McGee's case the district judge allowed just one opportunity to each side, after the only weekend break. (The trial concluded before the second weekend; it was shorter than counsel had estimated.) The judge thought that a refresher would help jurors regain their focus after the break.") (parenthetical in original)). In this case the adjournment of the trial will have lasted a little more than three months. The situation confronting the district court and the parties in *McGee* is simply nothing like the situation presented here.

deemed it useful.  And as the Court indicated at the status conference, the Court will conduct a second voir dire with the members of the jury to assess whether they continue to be able to serve. The Court has instructed the parties to submit any questions they would like the Court to pose to the jury.  This includes appropriate questions about how well the jurors are able to remember the evidence from the first phase of the trial.  For all of these reasons, the Court declines the government's request for a mid-trial summary.  The Motion is **DENIED**.

    **IT IS SO ORDERED.**

                                       **s/ S. Thomas Anderson**
                                       S. THOMAS ANDERSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

                                       Date:  January 26, 2018.